IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID MELENDEZ, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-14-1348-C |
| ) | |
| ROMEO DANAIS, JR., individually; ) | |
| ROMEO DANAIS, JR., d/b/a/ RALEIGH ) | |
| SQUARE APARTMENTS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff's girlfriend was a tenant of Raleigh Square Apartments from February 2012 to February 2013. While Plaintiff was helping Ms. Miller move out of her apartment, he fell down the stairs and was injured. Plaintiff then filed the present premises liability action against Defendant to recover for his injury. Defendant now seeks summary judgment, arguing the undisputed material facts demonstrate he is entitled to relief. Plaintiff disputes Defendant's arguments and asserts that he has presented evidence from which a reasonable jury could find that Defendant breached the duty owed to Plaintiff and thereby caused his injury.

Defendant argues the relevant elements which Plaintiff must prove are (1) the premises owner owed the Plaintiff a duty to protect Plaintiff from injury; (2) the premises owner breached that duty; and (3) the duty breached proximately caused an injury to Plaintiff, citing Scott v. Archon Group, L.P., 2008 OK 45, ¶ 21, 191 P.3d 1207, 1212. Defendant does not dispute that he owed Plaintiff a duty, but argues that Plaintiff has failed

to come forward with facts from which a reasonable jury could find that duty was breached and that the breach was the proximate cause of Plaintiff's injury. Defendant's motion hinges on certain excerpts of Plaintiff's deposition testimony. According to Defendant, these excerpts demonstrate that Plaintiff repeatedly stated he was unsure what caused him to fall, or that he did not know what he tripped on, and did not know why he tripped. Defendant argues that because Plaintiff does not know what caused him to fall, Oklahoma law requires that judgment be granted in his favor.

The fatal flaw in Defendant's argument is that it fails to view Plaintiff's evidence in the light most favorable to him. This is contrary to the governing standard at the summary judgment stage. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.) While at times during his deposition Plaintiff's testimony was somewhat equivocal as to the cause of his fall, he also repeatedly attributed it to a defect in the staircase. On page 78 of his deposition, he is asked, "Did you slip or did you trip . . . ," and Plaintiff responded, "To the best of my knowledge, I tripped." And then on page 97 he identifies in a photograph[*] a defect which he believes caused him to trip. Finally, on page 122, again referring to the photograph, he again identifies a defect in the stair that he asserts he tripped over which caused his fall. While Plaintiff is certainly equivocal in other parts of

---

[*] In his Reply Defendant argues the Court cannot rely on the photograph because it is not properly authenticated. Defendant again views Plaintiff's testimony too narrowly. The deposition excerpts provided to the Court are sufficient to show that the photograph fairly and accurately depicts the stair where he tripped. The issues Defendant notes with Plaintiff's testimony go to the weight the trier of fact should give that testimony.

2

his deposition about the cause of his fall, he has tendered some evidence from which a reasonable jury could find that a defect in the stairs caused him to fall. Thus, Defendant's argument that Plaintiff offers only speculation or conjecture is in error.

In his Reply brief, Defendant argues for the first time that the defect was an open and obvious danger of which Plaintiff should have been aware based on his previous trips up and down the stairs. Because Defendant did not raise this issue in his opening Motion, the Court will not consider it. See Plotner v. AT & T Corp. 224 F.3d 1161, 1175 (10th Cir. 2000) ("Because these claims represent entirely new issues rather than responses to issues raised in appellees' response briefs, we decline to address them under our general rule that we do not consider issues raised for the first time in a reply brief.")

## CONCLUSION

Because there are facts in dispute regarding whether or not Defendant breached the duty owed to Plaintiff, Defendant's Motion for Summary Judgment (Dkt. No. 13) is DENIED.

IT IS SO ORDERED this 28th day of April, 2015.

ROBIN J. CAUTHRON
United States District Judge